McMILLAN, Judge.
On January 5, 1998, the appellant, M.W.D., Jr., a minor, pleaded guilty to sodomy in the first degree and was sentenced to six months’ probation. When he learned after his sentencing that he was *226 subject to the requirements of the Community Notification Act, § 15-20-20 et. seq., Ala.Code 1975 (“CNA”), he sought and was granted a temporary restraining order halting the enforcement of the CNA’s public notification and residence restriction provisions.[1] On September 27, 1998, the trial court granted the appellant a permanent injunction “in so far as ‘the [CNA] ’ would require his removal from his parents’ home and his ability to attend school” but denied further injunctive relief. The trial court held that the application of the CNA to juveniles was not unconstitutional on grounds of equal protection, due process, lack of notification, or vagueness, but that it did violate the prohibition against ex post facto laws with regard to the application of its residence living restrictions regarding juveniles.
On appeal, the appellant contends that the trial court erred in refusing to halt, as a part of its injunctive relief, the distribution of the notification fliers by the sheriff, pursuant to the CNA. He also argues that the CNA is unconstitutional on equal protection, due process, and vagueness grounds. The State has filed a cross appeal, contending that both the notification and the residence-restriction provisions are enforceable because, it argues, the CNA is not an ex post facto law. The State further contends that the CNA does not violate equal protection or due process guarantees and that it is not unconstitutionally vague.
In State v. C.M., 746 So.2d 410 (Ala.Cr. App.1999), this court held that the CNA, as it applies to juveniles, unconstitutionally violates a juvenile’s right to equal protection of the law.[2] The public notification provisions of the CNA cannot, therefore, be enforced against the appellant.
This cause is due to be, and it is hereby remanded to the trial court with instructions to grant the injunctive relief sought by the appellant. Return should be made to this Court within 45 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS. 
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.

. Effective August 1, 1998, the CNA was amended to make the Act applicable to juveniles.

. This court also held that the registration portion of the Act, even as applied to juveniles, does not violate the ex post facto clause.